[No. 18581.    Department One.    June 4, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Aleutian Livestock Company, Plaintiff,* v. J. GRANT HINKLE, *as Secretary of State, Respondent.*[1]

CORPORATIONS (250)—SALE OF SECURITIES—PERMIT—FILING FEES —COMPLIANCE WITH REQUIREMENTS—STATUTES—CONSTRUCTION. Where the sale of a foreign corporation's securities has no relation to the conducting of its business, it is entitled to sell its corporate stock on payment of the fee of $25, required by Rem. 1923 Sup., § 5853-22, without paying the fee for filing its articles of incorporation, in accordance with Rem. Comp. Stat., § 3836, or its annual license fee for doing business, required by Id., § 3841; which were not intended to apply to permits for sales of its stock.

Application filed in the supreme court March 27, 1924, for a writ of mandamus to compel the secretary of state to issue to relator a permit to sell its capital stock. Granted.

*E. N. Eisenhower,* for relator.

*The Attorney General* and *G. R. Sharpe, Assistant,* for respondent.

TOLMAN, J.—By this action relator seeks a writ of mandate directed to the secretary of state requiring him to accept and file its application therefor and to

[1]Reported in 226 Pac. 131.

issue to it a permit to sell its capital stock, as provided by ch. 69 of the Laws of 1923, p. 207 [Rem. 1923 Sup., § 5853-22], upon the payment by it of the fee of $25, or show cause why the permit should not issue.

Relator, in its petition, among other things, alleges its corporate existence under the laws of the state of Delaware; that its capital stock consists of 50,000 shares of preferred stock of the par value of $20 per share, and 100,000 shares of common stock having no par value; that it is organized for the purpose of buying, raising and grazing sheep on certain portions of certain islands in the Aleutian Group, and that no part of its business consists of buying, selling or dealing in corporate stocks, bonds or other securities. It further alleges that, on December 5, 1923, and on several occasions since, it has tendered to the respondent, as secretary of state, a verified application for a permit to sell its preferred and common stock in this state, and has in all things complied with §§ 4 and 5 of ch. 69, Laws of 1923, pp. 210, 211 [Rem. 1923 Sup., §§ 5853-4, 5853-5], and tendered the fee of $25 as required by § 22 of that act, but that respondent refuses to accept or file its application or issue the permit until and unless the relator shall pay $750 as a filing fee for filing its articles of incorporation in accordance with Laws of 1923, p. 462, ch. 144, § 1, and also pay $150 as an annual license fee required by § 4, p. 464, of the last named act [Rem. 1923 Sup., § 3841]. Respondent has demurred to the petition.

It is urged in support of the demurrer that the securities act (ch. 69, Laws of 1923, p. 207), requires a foreign corporation, in order to secure a permit to sell its securities, to file four instruments, for each of which a separate fee must be paid, i. e., (1) its verified application as provided in subd. 1 of § 4; (2) a copy of

its articles of incorporation, by-laws and amendments thereto as provided in subd. 4 of § 4; (3) a certificate of the proper officer of its home state showing it to be authorized to do business in that state as required by § 5; and (4) a power of attorney appointing the secretary of state its agent for the acceptance of service of process as provided by § 5 of the act in question.

But we are convinced that this argument is fallacious. Section 4 plainly and manifestly covers the application for a permit by anyone other than an applicant which is incorporated or organized under the laws of some other state or government. And every matter mentioned in each of the subdivisions of that section is, as we see it, a part of the application, so that subd. 4 requires in effect the documents therein mentioned to be made a part of the application in order to enable the secretary of state to determine whether or not its machinery is so designed and constructed as to entitle it to a permit. Section 5 just as plainly covers the same point, and for the same reason, in cases where the applicant is a foreign corporation or association organized under the laws of some other state or government, and when it applies, the documents therein mentioned become just as certainly a part of the application.

We are convinced that the legislature had no intent to require an applicant, when a foreign corporation, to comply with the general laws relating to the qualifications of foreign corporations to do business in this state, as the sale of its securities has no necessary relation to the conducting of the business for which it is organized, therefore the fees for filing articles of incorporation, as provided by § 1, ch. 144, Laws of 1923, p. 462, *supra,* are not collectible when application is made for a permit to sell securities only. Nor does the

issuance of such a permit authorize the corporation to transact business generally. It seems, therefore, plainly to have been the legislative intent that the fees provided for by § 22 of the act should cover the whole matter of the obtaining of a permit to sell securities, whether the applicant be organized under the laws of this state or under the laws of some foreign jurisdiction.

The writ will issue requiring respondent to accept and file the tendered application upon payment of a fee of $25, but, of course, respondent will be left free to exercise his discretion in the granting of a permit.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.